# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CARLA WALTON, et al**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**VS.**　　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:05cv45**

**TOWER LOAN OF MISSISSIPPI, et al**　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

This cause comes before the court on the motion [2-1] of defendants American Bankers Life Assurance Company of Florida, American Bankers Insurance Company of Florida and American Reliable Insurance Company to transfer this case to the Bankruptcy Court for the Southern District of Georgia. The court concludes that this motion is not well taken and should be denied.

This case presents this court with a second removal on the basis of bankruptcy jurisdiction. On September 24, 2004, this court entered an order remanding this case to the Circuit Court of Coahoma County. In so ordering, this court rejected defendants' arguments that diversity jurisdiction exists in this case. The court likewise concluded that, even assuming that "related to" bankruptcy jurisdiction exists, mandatory or discretionary abstention was in order. On February 14, 2005, defendants removed the case a second time. Defendants now argue than an intervening Chapter 11 bankruptcy filed by defendant Friedman's of Savannah, Georgia (Friedman's) in the Southern District of Georgia gives rise to bankruptcy jurisdiction. Defendants argue that, even though they have asserted no cross-claim for indemnity against Friedman's to date,[1] they might

---

[1] This case was initially filed on December 30, 2002. If the moving defendants genuinely felt that they had a right of indemnity against their co-defendant Friedman's, the court questions why they filed no cross-claim for indemnity during almost two-and-a-half years of litigation.

1

nevertheless have a right of indemnity against this defendant and that this fact is sufficient to give rise to bankruptcy jurisdiction.

Defendants have moved to transfer this case to the Georgia bankruptcy court prior to consideration of any jurisdictional issues, but this motion lacks merit. This court is required to consider subject matter jurisdiction issues first, and it should be obvious that, if federal jurisdiction is lacking in this case, then the bankruptcy court for the Southern District of Georgia similarly lacks jurisdiction to hear it. In addition, no bankruptcy court may hear this action unless it is a core proceeding, and the court remains of the view, previously expressed in its prior order, that this action is not a core proceeding. Indeed, to broadly interpret this action as a core proceeding would render the U.S. Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) essentially meaningless. Section 28 U.S.C. 157, which sets forth examples of "core proceedings," was enacted in response to the Supreme Court's concerns in *Marathon* that Congress had provided bankruptcy courts with jurisdiction which is properly reserved for Article III courts. The interpretation of § 157 offered by defendants would grant bankruptcy courts the authority to hear countless state law actions under the fiction that these actions constituted "core proceedings," and such was clearly not Congress' intent in enacting this statute.

In light of the foregoing, the court concludes that defendants' motion to transfer [2-1] is not well taken and is hereby denied. Defendants shall have ten (10) days from the entry of this order to show cause why this court should not abstain from hearing this action under 28 U.S.C. § 1334(c).

SO ORDERED, this 10th day of May, 2005.

    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**