**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

CARLA WALTON, ET AL                                                                                   PLAINTIFFS

V.                                                                                                          NO. 2:05CV45

TOWER LOAN OF MISSISSIPPI, ET AL                                                      DEFENDANTS

**ORDER**

This cause comes before the court on the motion of plaintiffs to remand [7-1] this action to the Circuit Court of Coahoma County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.[1]

This case presents this court with a second removal on the basis of bankruptcy jurisdiction. On September 24, 2004, this court entered an order remanding this case to the Circuit Court of Coahoma County. In so ordering, this court rejected defendants' arguments that diversity jurisdiction exists in this case. The court likewise concluded that, even assuming that "related to" bankruptcy jurisdiction exists, mandatory or discretionary abstention was in order. On February 14, 2005, defendants removed the case a second time. Defendants now argue than an intervening Chapter 11 bankruptcy filed by defendant Friedman's of Savannah, Georgia (Friedman's) in the

---

[1] Defendants have filed a motion to reconsider the court's order denying transfer in this case. The court concludes that this motion lacks merit, for the reasons stated in the court's prior order. However, considering that the court lacks jurisdiction or that mandatory abstention is proper, it does appear that the better approach would have been simply not to address the motion to transfer at all. The court therefore vacates its prior order denying transfer and clarifies that it issues no ruling upon this motion prior to remanding this case to state court.

1

Southern District of Georgia gives rise to bankruptcy jurisdiction. Defendants argue that, even though they have asserted no cross-claim for indemnity against Friedman's to date, they might nevertheless have a right of indemnity against this defendant and that this fact is sufficient to give rise to bankruptcy jurisdiction.[2]

There is considerable doubt as to whether "related to" bankruptcy jurisdiction even exists in this case. Indeed, the Fifth Circuit has held that "related to" bankruptcy jurisdiction was lacking in a similar case involving putative indemnification/contribution claims against a bankrupt co-defendant. *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). *See also In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002). Even if this court is to assume that the instant case is somehow distinguishable from *Garlock* and that "related to" jurisdiction does exist, the court would nevertheless conclude that mandatory or discretionary abstention was in order. Indeed, 28 U.S.C. § 1334(c)(2) requires the court to abstain in cases where:

1. A motion has been timely filed requesting abstention.
2. The cause of action is essentially one that is premised on state law.
3. The proceeding is non-core or related to the bankruptcy case.
4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.
5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*Blakeley v. United Cable System*, 105 F. Supp. 2d 574, 583 n.9 (S.D. Miss. 2001) (citing 28 U.S.C. § 1334(c)(2)). Thus, in cases where a timely motion for abstention has been filed, the law gives the court no choice but to abstain from hearing non-core cases premised on state law which could not

---

[2]The court would note that all defendants did not join in the second removal of this case. Defendants have submitted persuasive authority from other district courts indicating that such is not required in bankruptcy removals, but they cite no Fifth Circuit Court of Appeals decisions so holding. Regardless, it is not necessary to resolve this issue, inasmuch as remand is clearly in order regardless.

2

have been commenced in federal court absent the existence of the bankruptcy case, so long as the case can be timely adjudicated in state court.

As discussed in this court's prior order, this case is clearly not a core proceeding. Moreover, it is further clear that the other requisites for mandatory abstention are met herein.[3] That is, there was a timely motion for remand/abstention filed in this case, plaintiffs' claims are premised on state law, these claims could not have been commenced in federal court absent the existence of the bankruptcy case, and there is no indication that these claims could not be timely litigated in state court. Indeed,

---

[3]In addition, discretionary abstention, *see* 28 U.S.C. § 1334(c)(1), and/or equitable remand, *see* 28 U.S.C. § 1452(b) would be appropriate, even if the court were not required to abstain. Because the doctrines of discretionary abstention and equitable remand are very similar, they require the court to consider many of the same factors. *See Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186, 194 (S.D. Miss. 2002). These factors include:
> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334(c);
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the ...court's docket;
> (10) the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of non-debtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*Id.* In the court's view, these factors militate heavily in favor of remand, for many of the same reasons stated previously with regard to the mandatory abstention issue. In particular, the court would note this case is not a core proceeding and that state law issues heavily predominate over bankruptcy issues. Considerations of comity and judicial economy also weigh heavily in favor of abstention/remand.

this case, involving two time-consuming removals, exemplifies how unnecessary bankruptcy removals generally *produce*, rather than prevent, delays. Defendants submit that the fact that this case involves a bankrupt co-defendant, rather than merely a bankrupt plaintiff, somehow renders the Georgia bankruptcy court the proper court to hear this action. The fact remains, however, that litigating this case in state court by no means divests the bankruptcy court of jurisdiction to enter, or lift, whatever stays might be appropriate to protect Friedman's bankruptcy estate. Moreover, the Circuit Court of Coahoma County can likewise enter whatever orders it deems proper in deference to the pending bankruptcy proceedings in Georgia.

Indeed, it is apparent that the two bankruptcy removals in this case have served to confer no benefit which could not have been gained by simply filing separate motions with the bankruptcy court. Whatever bankruptcy implications may result from an eventual verdict in this case, the underlying tort action herein remains a purely state law matter, and the court has no doubt whatsoever that a Mississippi state court is far preferable to a Georgia bankruptcy court as a forum in which to litigate the state law tort claims set forth in the complaint. Plaintiffs' motion to remand or abstain is therefore due to be granted.

In light of the foregoing, it is ordered that plaintiffs' motion to remand [7-1] or abstain is granted. The court's prior order [6-1] denying transfer is vacated, and the court clarifies that it issues no ruling on the motion to transfer prior to remand.

**SO ORDERED**, this 7th day of June, 2005.

                 **/s/ Michael P. Mills**
                 **UNITED STATES DISTRICT JUDGE**